UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

ADMIRAL METALS SERVICENTER CO., INC.,

Plaintiff,

v.

FEUZ MANUFACTURING, INC. and
GARY A. FEUZ, individually,
Defendants,

v.

GENERAL ELECTRIC COMPANY and
EMPIRE RECYCLING OPERATIONS, INC.,

Reach and Apply Defendants.



04 12204 JLT

MAGISTRATE JUDGE Cohen

## DEFENDANTS FEUZ MANUFACTURING, INC. AND GARY A. FEUZ'S NOTICE OF REMOVAL

The defendants, Feuz Manufacturing, Inc. and Gary A. Feuz (together "Feuz"), hereby file their *Notice of Removal*, pursuant to 28 U.S.C. §§1441, 1446, and 1332. As grounds for removal, the defendants Feuz state as follows:

The plaintiff's *Complaint* was originally filed in the Superior Court Department, Middlesex County Division, Commonwealth of Massachusetts on October 8, 2004. The *Complaint* and process were served upon the defendants Feuz by long arm statute on or after October 8, 2004. A copy of the *Summons and Restraining Order* as served on the defendants Feuz is attached hereto as Exhibit "A;" the *Complaint* is attached hereto as Exhibit "B;" the state court *Civil Action Cover Sheet* is attached hereto as Exhibit "C;" the *Plaintiff's Motion for Injunction* is attached hereto as Exhibit "D;" the *Affidavit of Darren Gaudreault in Support of Plaintiff's Motion for Injunction* is attached hereto as Exhibit "E;" and the *Affidavit of David*

*Schur in Support of Plaintiff's Motion for Injunction* is attached hereto as Exhibit "F."

Any action brought in the state court of which a United States District Court has original jurisdiction may be removed, pursuant to 28 U.S.C. § 1441(a), by the defendant to the United States District Court in the division embracing the place where the action is pending.

The United States District Court shall have original jurisdiction, pursuant to 28 U.S.C. § 1332 (a), of all civil actions where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00) and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The plaintiff has not alleged that his action is brought pursuant to the Federal Employers' Liability Act.

The plaintiff, Admiral Metals Servicenter Co., Inc., alleges in its complaint that it is a Massachusetts corporation with a usual place of business located in Woburn, MA. Further, in their complaint the plaintiff alleges that the defendant, Feuz Manufacturing, Inc., is a New York corporation with a principal place of business located in Schenectady, NY, and that defendant, Gary A. Feuz, is a resident of Schenectady, NY. Also, the plaintiff alleges that the reach and apply defendant, General Electric Company, is New York corporation with its principal place of business located at Schenectady, NY, and the reach and apply defendant, Empire Recycling Operations, Inc., is a New York corporation with a principal place of business located at Utica, NY. The plaintiff has not alleged that its action is brought pursuant to the Federal Employers' Liability Act.

The plaintiff has alleged in its state court *Civil Action Cover Sheet*, attached hereto in Exhibit "C," that this is an action for breach of contract, quantum meruit, breach of personal guaranty and violation of M.G.L. c. 93A arising out of the defendants' failure to pay for metal products shipped and delivered on credit. The plaintiff has set forth that its damages to be

$71,315.26 plus interest, costs, and *multiple damages*. Additionally, the plaintiff seeks attorney's fees, pursuant to M.G.L. c. 93A, in addition to its multiple damage claim. See Exh. B, at the plaintiff's demand for relief, ¶ 2. Without making any representation as to the actual value of the plaintiff's claim or its responsibility, if any, for such alleged damages, the defendants Feuz state that based on the state court *Civil Action Cover Sheet*, it reasonably appears that the plaintiffs could recover an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars. Therefore, the defendants Feuz state that the United States District Court has original diversity jurisdiction over the plaintiffs' action. *See*: Levinsky's, Inc. v. Wal-Mart Stores, Inc., 127 F.3d 122, 126 (1st Cir. 1997); de al Torre v. Continental Ins. Co., 15 F.3d 12, 13 (1st Cir. 1994); and Boettcher v. Hartford Ins. Group, 927 F.2d 23, 24 (1st Cir. 1991).

WHEREFORE, the defendants Feuz request that its *Notice of Removal* be allowed, and that this case be removed to the United States District Court for the District of Massachusetts. Counsel for the defendant hereby signs this *Notice of Removal* pursuant to Fed. R. Civ. P. 11.

Respectfully submitted,
FEUZ MANUFACTURING, INC. and
GARY A. FEUZ,
by their attorneys,

Michael B. Flynn    BBO #559023
Richard A. Davidson, Jr.    BBO #552988
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED _____
10/21/04

DATE: October 21, 2004