# Exhibit "B"

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                                    MIDDLESEX SUPERIOR COURT
                                                                 DEPT. OF TRIAL COURT
                                                                 C.A. NO.

|  |  |
|---|---|
| ADMIRAL METALS SERVICENTER CO. INC., <br>     Plaintiff <br><br> v. <br><br> FEUZ MANUFACTURING, INC. <br> and <br> GARY A. FEUZ, INDIVIDUALLY <br>     Defendants <br><br> And <br><br> GENERAL ELECTRIC COMPANY <br> and <br> EMPIRE RECYCLING OPERATIONS, INC. <br>     Reach and Apply Defendants | **COMPLAINT** |

## PARTIES

1. Plaintiff Admiral Metals Servicenter Co., Inc. ("**Admiral**") is a Massachusetts corporation, with its principal place of business at 11 Forbes Street, Woburn, Middlesex County, Massachusetts.

2. Defendant Feuz Manufacturing, Inc. ("**FMI**") is, upon information and belief, a New York corporation, with its principal place of business at 679 Mariaville Road, Schenectady, New York 12306.

3. Defendant Gary A. Feuz ("**Feuz**") is, upon information and belief, an adult resident of New York with a principal residence at 898 Currybush Road, Schenectady, New York 12306.

4. Reach and Apply Defendant General Electric Company ("**GE**") is, upon information and belief, a New York corporation with its principal place of business at 1 River Road, Schenectady, New York 12345, and a resident agent at CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110.

5. Reach and apply Defendant Empire Recycling Operations, Inc. ("**Empire**") is, upon information and belief a New York corporation with its principal place of business at 3 Brentwood Lane, Utica, New York 13501.

## FACTUAL BACKGROUND

6. From March 31, 2004 through May 7, 2004, FMI purchased metal products from Admiral, on credit, for which a principal outstanding balance of $66,339.78, plus accrued interest of $4,975.48, aggregating an outstanding balance of $71,315.26 ("**Outstanding Balance**") remains, and agreed to make prompt payment thereon.

7. Defendant Feuz executed a certain Guaranty dated August 15, 1995 agreeing to pay all obligations of Defendant FMI to Plaintiff including costs of collection, attorney fees, and interest of 18% per annum on unpaid balances ("**Guarantee**").

8. Defendants have refused to make payments for the Outstanding Amount after repeated demand by Plaintiff and then by its attorney.

9. Upon information and belief, FMI has lost one of its largest customers causing it to be in extreme financial difficulty resulting in at least 24 of its 84 employees being layed off.

10. FMI notified Admiral that it would not be using approximately 40,000 pounds of copper that it had previously purchased from Admiral.

11. As a result thereof, Admiral offered to reduce the Outstanding Balance in exchange for a return of a portion of the product delivered to Defendants, being approximately 40,000 pounds of copper.

12. FMI subsequently notified Admiral that rather than return said 40,000 pounds of copper that it would be using said copper in one of its jobs.

13. Upon information and belief, rather than return 40,000 pounds of copper to Admiral, Defendants, through their agent broker Harry Turkel, sold said copper product to Reach and Apply Defendant Empire, which is a metal scrap dealer, for approximately $50,000.00. Upon information and belief, Reach and Apply Defendant Empire has yet to satisfy its debt to Defendants.

14. Upon information and belief, Reach and Apply Defendant GE has an outstanding debt owed to Defendants.

15. Long arm jurisdiction is proper in the Commonwealth of Massachusetts as Admiral has had a long standing business relationship with FMI for at least the last 9 years whereby FMI would contact Admiral in Massachusetts about the purchase of metal product, FMI would telefax the relevant specifications to Massachusetts, the metal product would be shipped from Massachusetts, and FMI would make payments for the metal product to Massachusetts. Additionally, upon information and belief, jurisdiction is proper against the Reach and Apply Defendants as, upon information and belief, they have minimum contacts as evidenced by the fact that GE is registered to do business in Massachusetts and Empire has attempted to sell metal product in Massachusetts.

## COUNT I (CONTRACT BREACH)

16. The allegations contained in paragraphs 1-15 above are incorporated herein as if individually set forth.

17. Defendants breached a contract to pay for valuable goods received in the Outstanding Amount.

## COUNT II (QUANTUM MERUIT)

18. The allegations contained in paragraphs 1-17 above are incorporated herein as if individually set forth.

19. Defendants received valuable goods from Plaintiff, the unpaid portion of which has a fair market value of the Outstanding Amount.

## COUNT III (GUARANTEE)

20. The allegations contained in paragraphs 1-19 above are incorporated herein as if individually set forth.

21. Pursuant to the Guarantee, Defendant Feuz has failed to pay the obligations arising thereunder in the Outstanding Amount.

## COUNT IV (REACH AND APPLY – GE)

22. The allegations contained in paragraphs 1 - 21 above are incorporated herein as if individually set forth.

23. Upon information and belief, GE has an outstanding debt owed to Defendants, as set forth above.

24. As a result of the Outstanding Amount owed by the Defendants to Admiral, Admiral seeks to reach and apply GE's outstanding account receivable, pursuant to G.L. c. 214, Sec. 3(6).

## COUNT V (REACH AND APPLY – EMPIRE)

25. The allegations contained in paragraphs 1-24 above are incorporated herein as if individually set forth.

26. Upon information and belief, Empire has an outstanding debt owed to Defendants, as set forth above.

27. As a result of the Outstanding Amount owed by the Defendant to Admiral, Admiral seeks to reach and apply Empire's outstanding account receivable, pursuant to G.L. c. 214, Sec. 3(6).

## COUNT VI (VIOLATION OF G.L. c. 93A)

28. The allegations contained in paragraphs 1-27 above are incorporated herein as if individually set forth.

29. Defendants were engaged in business in Massachusetts during all relevant times hereto.

30. Defendants engaged in unfair and deceptive trade practices in violation of M.G.L. Chapter 93A and the regulations promulgated thereunder when, *inter alia*, they:

    1. Ordered metal products on credit and knowingly gave false assurances of payment when they knew no payment would be made;

    2. Failed to make good on the required payment despite repeated oral and written demand; and

    3. Refused to accept Admiral's offer to reduce the Outstanding Balance in exchange for a return of a portion of the product delivered to Defendants, being approximately 40,000 pounds of copper, and instead selling said product to Reach and Apply Defendant Empire.

    4.    Sold said 40,000 pound of copper to Empire for approximately $50,000.00 without any intent of paying Admiral;

31. As a result of these and other unfair and deceptive trade practices, the Plaintiff has suffered substantial monetary damages.

WHEREFORE, Plaintiff demands the following relief:

1. That this Court adjudicate that Defendants, Feuz Manufacturing, Inc., and Gary A. Feuz, individually jointly and severally owe the Plaintiff $71,315.26, together with interest at twelve (18%) percent per annum, plus court costs and attorney fees incurred in connection with the enforcement thereof.

2. That this Court award multiple damages, costs, and attorney's fees to Plaintiff in accordance with M.G.L. c. 93A.

3. That this Court adjudicate that Defendants, Feuz Manufacturing, Inc., and Gary A. Feuz, individually, their agents, servants, employees, attorneys, representatives, or others acting on their behalf, are enjoined and restrained from transferring, selling, assigning or in any other way disposing of their inventory, equipment, fixtures, accounts receivable proceeds thereof or any other assets outside the ordinary course of business.

4. That this Court adjudicate that the Reach and Apply Defendants, General Electric Company and Empire Recycling Operations, Inc,, their agents, servants, employees, attorneys, representatives, or others acting on their own behalf, now or in the future are:

a.    Restrained and enjoined from paying monies due to Defendants;

b.    Ordered to pay all monies due to Defendants to Plaintiff until such time as the debt from the Defendants to the Plaintiff is satisfied in full, so that such payments are thereby

reached and applied to Defendants debt to the Plaintiff, until the Outstanding Amount is satisfied.

5. That this Court make such other and further orders as are equitable and proper.

>Plaintiff
>By its attorneys,
>
>*[signature]*
>
>Howard S. Goldman
>BBO# 199030
>Cameron C. Pease
>BBO# 561906
>Goldman and Pease
>160 Gould Street
>Needham, MA 02494
>(781) 292-1080

F:\ADMIRAL\Feuz\comp.doc