UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADMIRAL METALS SERVICENTER CO. INC.,<br>    Plaintiff<br><br>v.<br><br>FEUZ MANUFACTURING, INC., and<br>GARY A. FEUZ, INDIVIDUALLY<br>    Defendants<br><br>And<br><br>GENERAL ELECTRIC COMPANY, and<br>EMPIRE RECYCLING OPERATIONS, INC.<br>    Reach and Apply Defendants | CIVIL ACTION NO.<br>04 12204 JLT |

## ADMIRAL METALS SERVICENTER CO., INC.'S ANSWER TO DEFENDANTS FEUZ MANUFACTURING, INC. AND GARY A. FEUZ'S COUNTERCLAIM

The Plaintiff, Admiral Metals Servicenter Co., Inc. ("Admiral"), hereby responds to Defendants Feuz Manufacturing, Inc. and Gary A. Feuz's Counterclaim as follows:

1.  Admit.

2.  Admit.

3.  Admit.

4.  Admits that FMI placed an order with Admiral which was delivered to FMI in two half deliveries on June 16, 2003, and June 26, 2003, and denies the remaining allegations in paragraph 4 of the Counterclaim.

5.  Admits that FMI placed an order with Admiral which was delivered to FMI on September 19, 2003, and denies the remaining allegations in paragraph 5 of the Counterclaim.

6. Denies.

7. Denies.

8. Denies.

9. Denies that Admiral made any certification to FMI, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Counterclaim.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Counterclaim.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Counterclaim.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Counterclaim.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Counterclaim.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Counterclaim.

15. Admits that FMI made such statements to Admiral, but denies the truth of matters asserted by FMI, and calls upon FMI to prove same at trial.

16. Admits that Admiral made an offer to replace the old product with new product, but denies that said product was defective, and calls upon FMI to prove same at trial.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Counterclaim.

18. Denies.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Counterclaim.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Counterclaim.

## BREACH OF CONTRACT

21. Admiral restates its responses to paragraphs 1 through 20 of its Answer and incorporates them herein by reference.

22. Denies.

23. Denies.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Counterclaim.

25. Denies.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

WHEREFORE, Admiral respectfully requests that this Honorable Court dismiss FMI's Counterclaim in its entirety, enter judgment for Admiral, and award costs, expenses, attorney's fees, and such other relief as this Honorable Court deems proper under the circumstances.

## VIOLATION OF M.G.L. c. 93A

33. Admiral restates its responses to paragraphs 1 through 32 of its Answer and incorporates them herein by reference.

34. Denies.

35. Admits as to the recitation of the law, but denies any suggestion that Admiral has committed any unfair or deceptive acts or practices in the conduct of any trade or commerce.

36. Denies.

37. Denies.

WHEREFORE, Admiral respectfully requests that this Honorable Court dismiss FMI's Counterclaim in its entirety, enter judgment for Admiral, and award costs, expenses, attorney's fees, and such other relief as this Honorable Court deems proper under the circumstances.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted and should be dismissed in its entirety.

## SECOND AFFIRMATIVE DEFENSE

FMI's claims for damages are barred, in whole or in part, by its failure to mitigate its damages.

## THIRD AFFIRMATIVE DEFENSE

FMI's claims are barred by the doctrines of waiver, estoppel, unclean hands, and /or laches.

## FOURTH AFFIRMATIVE DEFENSE

Admiral fulfilled each and every one of its obligations arising under the contract that is the

subject of FMI's Counterclaim.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting that Admiral breached any contract to FMI, Admiral made good faith efforts to comply with its obligations under the contract by offering to replace the subject product.

## SIXTH AFFIRMATIVE DEFENSE

FMI's Counterclaim is barred, in whole or in part, by the provisions of the Uniform Commercial Code and other applicable law of contracts.

## SEVENTH AFFIRMATIVE DEFENSE

FMI's Counterclaim is barred, in whole or in part, by the provisions of the contract, which establish limitations to the recovery of damages.

## EIGHTH AFFIRMATIVE DEFENSE

FMI's Counterclaim is barred, in whole or in part, by the provisions of the contract, which set forth an agreed-upon statute of limitations period that has since expired.

## NINTH AFFIRMATIVE DEFENSE

FMI has failed to state a claim upon which relief can be granted on the grounds that Admiral did not make the certifications or assurances alleged by FMI.

## TENTH AFFIRMATIVE DEFENSE

FMI is barred from recovery because FMI's claims and damages were caused by or result from FMI's own negligence or intentional conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

FMI is barred from recovery because FMI's claims and damages were caused by or result from the negligence or intentional conduct of a third party, for which Admiral cannot be held

responsible.

## TWELFTH AFFIRMATIVE DEFENSE

FMI is barred from recovery, if any, against Admiral, because Admiral sold the product subject to the terms and conditions of a certification of a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

FMI is barred from recovery by the provisions of M.G.L. c. 93A.

## FOURTEENTH AFFIRMATIVE DEFENSE

FMI is barred from recovery because FMI has failed to comply with the applicable provisions of M.G.L. c. 93A.

## FIFTEENTH AFFIRMATIVE DEFENSE

Admiral has not committed unfair or deceptive acts or practices in its commercial dealings with FMI.

                Respectfully Submitted,
                Plaintiff,
                By his attorneys,

                _____
                Howard S. Goldman
                BBO # 199030
                Goldman & Pease
                160 Gould Street
                Needham, MA 02494
                781-292-1080

Date: November 3, 2004

## CERTIFICATE OF SERVICE

This is to certify that on November 3, 2004, a copy of the foregoing document was served upon the following parties, by first class mail, postage prepaid:

Feuz Manufacturing, Inc. and Gary Feuz,
By their attorney,
Michael B. Flynn, Esq.
Flynn & Associates, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169

General Electric Company
By its attorney
Glenn Reisman, Esq.
Two Corporate Drive
P.O. Box 861
Shelton, CT 06484

Empire Recycling Operations,
By its attorney,
Daniel Cohen, Esq.
Cohen & Cohen
258 Genesee Street
Suite 205
Utica, NY 13502

_____
Howard S. Goldman
Goldman & Pease

\\SERVER\DATA\ADMIRAL\FEUZ\ANSWER.DOC