# Exhibit "A"

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADMIRAL METALS SERVICENTER CO., INC.,<br>Plaintiff,<br><br>v.<br><br>FEUZ MANUFACTURING, INC. and<br>GARY A. FEUZ, individually,<br>Defendants,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and EMPIRE<br>RECYCLING OPERATIONS, INC.,<br>Reach and Apply Defendants. | CIVIL ACTION<br>NO.:  04 12204 JLT |

## AFFIDAVIT OF DANIEL S. COHEN, ESQ.

I, Daniel S. Cohen, of the law firm Cohen & Cohen LLP, 258 Genesee St., Utica, N.Y., an attorney duly admitted to practice law in the State of New York, and the United States District Courts in New York, do hereby swear and attest to the following:

1. I am counsel for Empire Recycling Corporation ("Empire"), erroneously named above as Empire Recycling Operations, Inc., which has been identified as a Reach and Apply Defendant in the above-captioned lawsuit;

2. It is my understanding that Empire currently owes the defendant, Feuz Manufacturing, Inc., the sum of Fifty-Eight Thousand Eight Hundred Forty and 60/100 Dollars ($58,840.60);

3. Empire is currently, and has been for some time, holding this money on account;

4. Empire has no intention of transferring, disposing of, alienating or in any way distributing this money prior to the resolution of the above-captioned lawsuit or an order of a court of competent jurisdiction directing it to do so and the manner in which to do so;

5.  Empire is willing to place the money it owes to Feuz in an escrow account pending the resolution of the above-captioned lawsuit.

SIGNED UNDER THE PENALTIES AND PAINS OF PERJURY THIS _18th_ DAY OF NOVEMBER, 2004,

_Daniel S. Cohen_

Daniel S. Cohen, Esq.

# Exhibit "B"

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

---

ADMIRAL METALS SERVICENTER CO.,
INC.
                Plaintiff,

         v.

FEUZ MANUFACTURING, INC. and
GARY A. FEUZ, individually,
                Defendants,

         v.

GENERAL ELECTRIC COMPANY and
EMPIRE RECYCLING OPERATIONS,
INC.,
          Reach and Apply Defendants.

CIVIL ACTION
NO.: 04 12204 JLT

---

**AFFIDAVIT OF GARY A. FEUZ
IN OPPOSITION TO THE PLAINTIFF'S
MOTION FOR INJUNCTION**

STATE OF NEW YORK    )
                      ) ss.
COUNTY OF ALBANY    )

GARY A. FEUZ, being duly sworn, deposes and says:

1.      I am the President and Chief Executive Officer of Defendant Feuz Manufacturing,

Inc. ("Feuz") and have held this position since 1984.  I am the individual defendant in the above-

captioned action.

2.    I have personal knowledge of the facts and circumstances surrounding the business dealings between plaintiff Admiral Metals Servicenter Co., Inc. ("Admiral") and Feuz and am familiar with facts of the within lawsuit.

3.    I have recently returned from South Africa where I participated in a church sponsored mission for South African widows and orphans affected or infected by Acquired Immune Deficiency Syndrome ("AIDS"). My Massachusetts counsel prepared a "Provisional Opposition" dated November 8, 2004 without the benefit of my direct consultation.

4.    This affidavit is intended to supplement the opposition of Feuz and Gary A. Feuz to plaintiff's motion for an injunction.

5.    It should also be noted that Hussey Copper, Ltd. ("Hussey"), another company that certified the defective copper, which is the focal point of Feuz's counterclaim, has already acknowledged to me that the defective copper that Admiral sold to Feuz originated in a sale from Hussey to Admiral. Mr. Tom Funkhouser, Vice-President of Sales of Hussey, has informed me that Hussey is willing to pay the sum of $15,000.00 for the damages suffered by Feuz, provided Hussey receives a release from all parties to the transaction.

6.    Admiral and Feuz have been doing business since August of 1995. Feuz manufactures parts for industrial generators and turbine engines. Most of Feuz's manufacturing is for the General Electric Company ("GE").

7.    Messrs. Steven Goldy ("Goldy") and Mike McCutcheon ("McCutcheon") of Admiral were the officials of Admiral that dealt directly with me and my employees at Feuz. Both Goldy and McCutcheon have made personal visits to Feuz's manufacturing plant in Schenectady, New York. My sales manager and I have made visits to Admiral's plant.

2

8.  Both Goldy and McCutcheon were made aware of the purposes for which the copper Admiral was supplying would be used – specifically, as a component part for industrial generators and turbine engines.

9.  Both Goldy and McCutcheon also were made aware that Feuz's manufacturing process required that the copper be oxygen free. I specifically required that Admiral certify that the copper it supplied was oxygen free, and Admiral agreed to, and did make this certification with respect to the copper it supplied to Feuz. The presence of oxygen in the material causes hydrogen embrittlement during a heat treating process required in the manufacture of the final component. Admiral fully understood the importance of certifying oxygen-free nature of the copper.

10.  Neither Feuz's purchase orders, nor any other written document pertaining to the purchase and sale of Admiral's copper, ever indicated that Feuz would permit a disclaimer of warranties or a limitation of remedies.

11.  Neither Goldy nor McCutcheon nor anyone else from Admiral ever communicated to me that Admiral intended to disclaim any warranties, shorten the statute of limitations or limit recoverable damages. These terms and conditions were never even mentioned to me, let alone negotiated, and I never agreed to them.

12.  I have never seen, prior to this lawsuit, Admiral's "Terms and Conditions," and I first learned of the existence of the "Terms and Conditions" only in connection with this lawsuit.

13.  To my knowledge, Admiral never brought the "Terms and Conditions" to the attention of anyone at Feuz.

3

14.     Admiral's delivery receipts were signed by Feuz's shipping clerk, who had neither the authority nor the apparent authority to negotiate contract terms and conditions or to otherwise bind Feuz to Admiral's terms and conditions.

15.     In all of our negotiations and discussions, I never recall Goldy or McCutcheon indicating that Feuz's damages would be limited in any way or that the time to institute a lawsuit would be diminished.  Again, in all of our discussions and negotiations never once did I agree to such language. The hidden "terms and conditions" on the back of a delivery slip are completely contrary to any representation made by Admiral to Feuz throughout its relationship.  I was completely unaware of this position until the instant lawsuit.

_____
                                Gary A. Feuz

Sworn to before me this
18th day of November, 2004

_____
Notary Public

FRANCIS J. SMITH
Notary Public, State of New York
No. 4732432
Qualified in Albany County
Commission Expires Sept. 30, 20 06

4

# Exhibit "C"

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

ADMIRAL METALS SERVICENTER CO.,
INC.
          Plaintiff,

         v.

FEUZ MANUFACTURING, INC. and
GARY A. FEUZ, individually,
          Defendants,

         v.

GENERAL ELECTRIC COMPANY and
EMPIRE RECYCLING OPERATIONS,
INC.,
         Reach and Apply Defendants.

CIVIL ACTION
NO.: 04 12204 JLT

## AFFIDAVIT OF TOM FUNKHOUSER

STATE OF KENTUCKY    )
                  ) ss.
COUNTY OF          )

    TOM FUNKHOUSER, being duly sworn, deposes and says:

    1.    I am the Vice President of Sales for Husscy Copper, Ltd. ("Hussey"). Our headquarters is in Leetsdale, Pennsylvania and we have a mill in Eminence, Kentucky.

    2.    I understand that certain copper that Hussey sold to Admiral Metals Servicenter Co. ("Admiral") was, in turn, sold to Feuz Manufacturing Inc. ("Feuz") and is the subject of a counterclaim by Feuz against Admiral.

    3.    Provided that Hussey receives a release from all affected entities, it will pay $15,000.00 to a global settlement of the within federal action.

4.   This offer to compromise cannot be used against Hussey pursuant to Rule
408 of the Federal Rule of Evidence.

_____

Tom Funkhouser
Vice-President of Sales
Hussey Copper, Ltd.

Sworn to before me this
18th day of November, 2004

_____
Notary Public